IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALAN COLE, #222150, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:03-CV-561-F |
| | ) [WO] |
| NAPHCARE MEDICAL SERVICES INC., et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Michael Alan Cole ["Cole"], a state inmate, maintains that the defendants violated his constitutional rights by providing him with inadequate medical treatment for his various infirmities. Cole names NaphCare Medical Services, Inc., nurse Marsh, Dr. Dubose, Dr. Sander and Mrs. Johnson as defendants in this cause of action. He seeks declaratory relief and treatment by a free-world specialist.

The defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of July 17, 2003 - Court Doc. No. 12*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the plaintiff's response in opposition to the motion, the court concludes

that the defendants' motion for summary judgment is due to be granted.

## I. FACTS

Cole contends that he suffers from coronary artery disease, an anxiety/nervous condition, back and neck pain, soreness in his knees, skin rashes and bowel problems. He complains that beginning in January of 2003 during his confinement in the Ventress Correctional Facility the defendants failed to provide proper medical treatment for these conditions. *Plaintiff's Complaint* at 2-3. He also contends that the defendants did not take his complaints seriously and refused to prescribe appropriate medications to him. *Id*. at 4. He asserts that the defendants should refer him "to a specialist to confirm or deny the plaintiff['s] concern." *Plaintiff's July 31, 2003 Response in Opposition to the Defendants' Written Report* at 19.

The defendants deny they acted with deliberate indifference to Cole's medical and mental health conditions and, instead, maintain that they provided Cole with all necessary treatment for these conditions. The undisputed medical records indicate that medical personnel evaluated and provided treatment to the plaintiff each time he reported to the health care unit. The specific treatment prescribed depended upon the observations and evaluations of his condition by the attending health care professional. Additionally, to ensure continuous monitoring and evaluation of Cole's various conditions, medical personnel placed him in the cardiac, asthma, inflammatory bowel and peptic ulcer chronic

care clinics. The medical records further establish that various attending physicians have prescribed several psychiatric medications, including Seraquil, Prozac and Trazodone, and other general medications, consisting of muscle relaxers, pain relievers, antibiotics, hydrocortisone creams, antihistamines, inhalers, sleep aids and nitroglycerin tablets, in response to Cole's numerous complaints. Additionally, these physicians ordered blood tests, urine analyses, electrocardiograms ["EKGs"] and X-rays in an effort to properly treat the symptoms exhibited by Cole and observed by medical personnel.

The defendants have explained the details of Cole's medical treatment as follows:

> There is . . . no documentation of significant cardiac disease. [Cole's] complaints of chest pains vary considerably in site and character. While the record occasionally notes the suspected diagnosis of "angina" and "CAD" (coronary artery disease), no tests have confirmed these suspicions. Thus, the suspicions were noted as possibilities and the patient's symptoms did not warrant further follow up.
> On March 3, 2003, after being evaluated a number of times, the physician felt that Cole's chest pains were the result of "generalized anxiety." A physical basis for his complaints was not likely and he was referred to the psychiatrist by the clinician. . . . Cardiac chest pain is usually described as "tightness" and is not "sharp" like this inmate's pain. Cardiac pain is consistently in the same place. Cole, however, makes the following varied complaints: left chest pain, right chest pain, sharp side pain, left shoulder pain, neck pain, and left and rear side pain shooting to his leg. Moreover, Cole's varied complaints differ in degree and occasion. As such, Cole's complaints are not the type of chest pain that one sees in cardiac disease.
> To illustrate the above point, Cole turned in a Sick Call request on June 10, 2003. In the request, Cole complains of "Chest pain, back pain, knee pain, foot pain, and no standing profile and lay in received and pain going down left arm and

3

leg and neck pain dizziness and light headed and having physical nerve problems." . . . [T]his array of physical complaints is usually not organic. Instead, these complaints are generally somatic complaints that are usually a result of underlying psychological problems, or they are an attempt to gain secondary benefits, or they are both.

Cole's last two EKGs (on March 3, 2003 and June 11, 2003) show no striking acute disease. If anything, they show nonspecific anterior T wave abnormalities. This has not changed since July, 2002. In short, the record simply does not suggest cardiac pain.

Even given the above, Cole is being followed in the cardiac clinic to insure that there is no let down in care. In fact, he is being followed in the cardiac chronic care clinic ("CCC") without specific documented heart disease, the peptic ulcer CCC without documented disease (based on a concern that he may have reflux), and the inflammatory bowel CCC without documented disease.

Cole is also seen in the pulmonary CCC because of asthma. However, wheezes are not heard in his chest, as one would expect if a patient has long standing asthma. He does receive Albuterol inhalers, which medically clear asthmatics' lungs.

Cole has been given bottom bunk profiles, no prolonged standing profiles, and nitroglycerin tablets. He has been given Robaxin (a muscle relaxer) and Tylenol for his multiple pain complaints. X-rays have been essentially unremarkable.

Cole also complains about being taken off of his "nerve" medication. He has been given many different psychiatric medications, including Prozac and Trazodone. The medication is a part of the treatment for major depression and anxiety disorders that Cole has received in a number of correctional facilities.

The record documents a history of non-compliance with medication. For instance, on February 25, 2003, Cole said he only takes his medication when he thinks that he needs it. This led to the psychiatrist having to discuss Cole's non-compliance with him. On January 30, 2003, the inmate wanted to discontinue all his medications. Yet two-and-a-half weeks before, on January 10, 2003, his anxiety attacks were getting worse.

> [P]sychiatric problems often impair a patient's objectivity. To compound this problem, Cole has a history of opiate abuse that may be reflected in the desire for specific psychotropic medication.
>
> To summarize, this patient has many nonspecific somatic complaints, none of which can be shown to be physically significant. His complaints of the health care unit's staff not treating him appropriately are not substantiated.

*Defendants' Exhibit B - Affidavit of Dr. James F. DeLong* at 2-4.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure.* Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case,

and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996)

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, a plaintiff must, at a minimum, show that those responsible for

providing medical treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).  Prison medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989).

"In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted).

Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).  Nor does a simple difference in medical opinion

between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

Thus, a prison medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Moreover, the mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

The undisputed evidentiary materials submitted by the defendants demonstrate that prison medical personnel routinely examined the plaintiff, evaluated his condition and responded in an appropriate manner to his complaints and requests for treatment. *See Defendants' Exhibit A - Medical Records of Michael Alan Cole*. These materials also establish that attending physicians prescribed various medications in order to treat the plaintiff's medical and mental health conditions. *Id*. Additionally, the evidentiary materials demonstrate that medical personnel ordered several series of tests which failed to reveal any remarkable findings with respect to Cole's complaints of physical pain.

A thorough review of the plaintiff's medical records reveals that the course of

treatment undertaken by the defendants was neither grossly incompetent nor inadequate. There is also nothing in these records to indicate that the defendants disregarded any risk of harm to Cole's physical health or mental well being. Although the plaintiff maintains that he should have been referred to a free-world specialist and prescribed medication of his choice, the mere fact that he desired a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, *supra*.

The plaintiff fails to present any evidence demonstrating that the defendants disregarded a substantial risk to his health by denying him adequate medical treatment. For that reason, the plaintiff has failed to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before **24 August 2005** the parties shall file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of August, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE